Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NAAMAN SHEPARD,

          Plaintiff,

v.

FOREMOST INSURANCE COMPANY, INC.,

          Defendant.

No. C08-0434 RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on Plaintiff's motion for partial summary judgment regarding coverage (Dkt. # 30), Defendant's cross-motion for partial summary judgment regarding coverage (Dkt. # 36), and Defendant's motion for partial summary judgment against Shepard's bad-faith, Consumer Protection Act ("CPA"), and Insurance Fair Conduct Act ("IFCA") claims (Dkt. # 45). The court has considered the parties' briefing and supporting evidence, and has heard from the parties at oral argument. For the reasons explained below, the court DENIES both motions regarding coverage and GRANTS Defendant's motion regarding the bad-faith, CPA, and IFCA claims.

ORDER – 1

## II. BACKGROUND

Plaintiff Naaman Shepard bought a 25-foot boat in 1993. On August 8, 2007, Shepard set out on an extended cruise from Lake Union in Seattle to the San Juan Islands. Approximately 80 miles from San Juan Island, the boat began taking on water. The boat's interior filled with water to a depth of approximately four feet. Shepard called for assistance, and a Coast Guard patrol boat arrived before the boat completely sank.

Later that same day, Shepard contacted his insurer, Defendant Foremost Insurance Company, Inc. ("Foremost"), to bring a claim for damages. Foremost retained Larry Montgomery to investigate the cause of the loss. Montgomery opined that the flooding was caused by an engine exhaust elbow inside the starboard riser that overheated because it was clogged by rust. *See* Montgomery Decl. (Dkt. # 37), Ex. 2 ¶¶ 3-4. After learning of Montgomery's causation opinion, Foremost denied coverage in a letter dated September 13, 2007, because Shepard's policy contained specific exclusions for losses caused by rust, the accumulation of water, and/or "[l]ack of reasonable care or due diligence in the maintenance." *See* Cane Decl. (Dkt. # 38), Ex. 1 at 18-19. After Shepard e-mailed Foremost to request reconsideration, Foremost sent a letter affirming the denial on February 8, 2008.

Shepard filed a complaint against Foremost in Skagit County Superior Court, claiming breach of the insurance contract, bad-faith denial of coverage, and violation of Washington's CPA and IFCA. Foremost removed the action to this court.

## III. ANALYSIS

**A.     Standard of Review on Summary Judgment.**

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving

ORDER – 2

party meets that initial burden, the opposing party must then set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

**B.      The Court Denies the Motions Regarding Coverage Because There Are Genuine Issues of Fact Regarding Causation.**

The parties agree that the court's interpretation of Shepard's insurance policy is governed by state law. *See Bank of San Pedro v. Forbes Westar, Inc.*, 53 F.3d 273, 275 (9th Cir. 1995). Interpretation of an insurance policy is a question of law. *See McDonald v. State Farm Fire & Casualty Co.*, 119 Wn.2d 724, 730 (1992). In Washington, a court's determination of whether an insurance policy covers a particular loss is a two-step process. *See id.* at 731. First, the insured must show that the loss is of a type within the scope of the policy's covered losses. *Id.* If the insurer disputes coverage, then it must show that specific policy language excludes the insured's loss. *Id.*

Shepard's insurance policy states in relevant part:

> We do not insure loss caused directly, indirectly or resulting from any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently to the loss:
> . . .
> 8. Lack of reasonable care or due diligence in the maintenance of your watercraft, trailer or personal property.
> . . .
> 12. Wear and tear, dampness of atmosphere, gradual deterioration, rust, corrosion, electrolytic or galvanic action, marring, chipping, scratching, or denting.
> . . .
> 18. Latent defect, any manufacturing defect, or improper design of your watercraft. This exclusion does not apply to any ensuing loss unless that loss is otherwise excluded from this property.

Cane Decl. (Dkt. # 38), Ex. 1.

ORDER – 3

1    In Shepard's motion, he requests that the court determine that, as a matter of law,
2    the Foremost insurance policy covered his loss because the proximate cause of the loss
3    suffered was the near sinking of his boat. Even if the near sinking was the result of an
4    excluded cause (such as rust or a failure to maintain), Shepard asks the court to consider
5    the near sinking of the boat as the efficient proximate cause of the loss. *See Graham v.
6    Pub. Employees Mut. Ins. Co.*, 98 Wn.2d 533, 538 (1983). He also argues that the near
7    sinking could be considered an "ensuing loss" under the latent defect exclusion.

Foremost's opposition brief claims that there is no dispute as to the underlying cause of the loss (rust) because Shepard submitted no evidence to rebut Montgomery's expert opinion. Foremost thus cross-moved for summary judgment because the policy specifically excludes losses caused by rust.

Shepard submitted for the first time as an attachment to his reply brief a declaration from an expert who presented a different theory of causation than Montomgery's theory. *See* Cater Decl. (Dkt. # 40). Shepard's expert opined that the loss was caused by "the accidental obstruction by external debris of the sea water intake to the water pump," which caused the engine's exhaust cooling system to fail. *Id.* ¶ 5. In the reply brief, Shepard asserted that the court should not determine on summary judgment the efficient proximate cause of the loss because there are multiple issues of material fact as to causation. *See* Reply (Dkt. # 39) at 6-7. Foremost filed a surreply to argue that the dispute regarding causation precluded summary judgment regarding coverage. Def.'s Surreply (Dkt. # 41) at 3.[1]

The court agrees with the parties that the factual dispute regarding causation prevents an evaluation of whether, as a matter of law, the loss was covered by the policy. Because the parties dispute the cause of the loss, the court also cannot address the issues

---

[1] At oral argument, Foremost stated that it would not be prejudiced by the court's consideration of Shepard's new evidence submitted with his reply brief. In light of this statement, and due to the court's strong preference for resolving a motion on its merits, the court considers the Cater declaration in ruling on this motion.

ORDER – 4

of ensuing loss or proximate cause.[2] The court must therefore deny both motions for partial summary judgment on coverage.

## C. The Court Grants Summary Judgment Against Plaintiff's Bad Faith, CPA and IFCA Claims.

Foremost contends that it is entitled to summary judgment against Shepard's bad faith and CPA claims because Shepard has not presented any evidence that Foremost's denial or investigation of the claim was unreasonable, frivolous, or unfounded. Foremost also requests summary judgment against Shepard's IFCA claim because IFCA was not enacted at the time Foremost denied coverage.

### 1. There is No Fact Dispute as to the Reasonableness of Foremost's Actions.

Bad faith is a tort with four elements: (1) the defendant had a duty of good faith; (2) the defendant breached the duty; and (3) the breach is the proximate cause of (4) damages. *Smith v. Safeco Ins. Co.*, 150 Wn.2d 478, 485 (2003). A bad-faith denial of insurance coverage may also give rise to a claim under Washington's Consumer Protection Act ("CPA"), RCW Ch. 19.86. *See Transcontinental Ins. Co. v. Washington Pub. Utils. Dists' Utils. Sys.*, 111 Wn.2d 452, 470-71 (1988). But, if an insurer denies coverage based on a reasonable interpretation of a policy and its conduct is reasonable, then the denial is not in bad faith and the insurer does not violate the CPA. *See Transcontinental Ins. Co. v. Washington Pub. Utils. Dists.' Util. Sys.*, 111 Wn.2d 452, 470 (1988).

The *Smith v. Safeco* court describes the bad-faith inquiry on summary judgment:

> As a substantive matter, an insurer has a duty of good faith to all of its policyholders, and to succeed on a bad faith claim, a policyholder must

---

[2] The court will note, however, that the arguments regarding efficient proximate cause in Shepard's opening brief appear to be based on a misunderstanding of the proximate cause concept. To whatever extent Shepard attempts (or attempted) to argue that the near sinking of the boat is the cause of the damage, he is (or was) mistaken. The near sinking of the boat was surely not the first link in the chain of causation, as the parties now appear to acknowledge.

ORDER – 5

> show the insurer's breach of the insurance contract was unreasonable, frivolous, or unfounded. . . .
>     Whether an insurer acted in bad faith remains a question of fact . . . . If the insured claims that the insurer denied coverage unreasonably in bad faith, then the insured must come forward with evidence that the insurer acted unreasonably. The policyholder has the burden of proof. The insurer is entitled to summary judgment if reasonable minds could not differ that its denial of coverage was based upon reasonable grounds. If, however, reasonable minds could differ that the insurer's conduct was reasonable, or if there are material issues of fact with respect to the reasonableness of the insurer's action, then summary judgment is not appropriate. If the insurer can point to a reasonable basis for its action, this reasonable basis is significant evidence that it did not act in bad faith and may even establish that reasonable minds could not differ that its denial of coverage was justified. However, the existence of some theoretical reasonable basis for the insurer's conduct does not end the inquiry. The insured may present evidence that the insurer's alleged reasonable basis was not the actual basis for its action, or that other factors outweighed the alleged reasonable basis.

150 Wn.2d 478, 485-86 (2003) (citations omitted).

In this case, Shepard's claim of Foremost's "unreasonableness" is limited to an allegation that Foremost should have conducted a more extensive investigation before denying coverage. It is undisputed that Foremost promptly retained Montgomery to investigate the loss, that Montgomery opined that the loss was caused by rust, and that Foremost denied coverage because the policy excludes losses caused by rust. It is true that Montgomery's report notes that data on the engine's flow volume and the condition of the salt water pump could not be performed at the time the report was written, due to the location of the boat. *See* Montgomery Decl. (Dkt. # 37), Ex. 2 ¶¶ 5, 7. Though Shepard asserts that Foremost should not have denied coverage without that data, Montgomery did not qualify or limit his causation opinion due to the lack of that information; indeed, his report twice notes that the salt water pump was unrelated to the flooding cause. *See id.*, Ex. 2 ¶¶ 3, 6. Thus, Montgomery submitted an unequivocal opinion that Shepard's loss was caused by rust. Shepard's insurance policy excludes

ORDER – 6

losses caused by rust, and Foremost referenced Montgomery's opinion and the rust exclusion in its letter denying coverage.

The court has no basis to conclude that, under these circumstances, Foremost's denial of Shepard's claim was unreasonable, frivolous, or unfounded. Foremost's denial was founded on Montgomery's opinion on the cause of the loss, the cause cited by Montgomery is specifically excluded by the policy, and Foremost's denial cites the policy exclusion. Shepard has presented no evidence that any of Foremost's decisions or actions were conducted in bad faith. For these reasons, Foremost is entitled to summary judgment against Shepard's bad-faith and CPA claims.

**2. The IFCA Does Not Apply to This Case.**

In November 2007, Washington voters passed Referendum 67, popularly known as the Insurance Fair Conduct Act ("IFCA"). IFCA took effect on December 6, 2007, and was codified as RCW 48.30.015. IFCA creates a private cause of action to a first-party claimant who has been unreasonably denied insurance coverage, and also provides for treble damages and an attorney fee award. *See* RCW 48.30.015(1)-(3).

Shepard does not dispute the effective date of IFCA and agrees that the act is not applied retroactively. Instead, he claims that IFCA applies to this case because the letter from Foremost dated February 8, 2008, constitutes a denial of coverage. The court disagrees.

The text of the February 8 letter reveals that this letter merely reiterated Foremost's earlier position on Shepard's claim:

> Thank you for your e-mail . . . in which you state that "denial of coverage for this loss was not reasonable and is in breach of applicable Washington law". We have reviewed [Mr. Shepard's] claim. Risers are subject to rust and corrosion and must be properly maintained. It remains our position that no coverage exists for the claim and that our denial is valid.

ORDER – 7

Cane Decl. (Dkt. # 38), Ex. 3. The February 8 letter does not constitute a denial of coverage, but simply confirms the earlier denial of coverage. Though the September 13 letter states that Foremost would "be happy to review" its opinion if Shepard later uncovered evidence showing that his damage was due to a covered loss, *see* Davis Decl. (Dkt. # 48), Ex. 1, there is no evidence that Shepard requested reevaluation on the basis of new causation evidence. Shepard requested reevaluation based on an interpretation of the insurance policy, arguing that the cause of the damage was the flooding, not what caused the flooding. *See id.*, Ex. 2. Shepard argued to Foremost that, regardless of what caused the flooding, the policy's coverage for "direct, sudden and accidental physical loss" should cover his loss.

This argument did not ask Foremost to reevaluate its earlier denial in light of new evidence, it instead seeks to persuade Foremost to reinterpret the insurance policy. The text of Foremost's response demonstrates that it did not do so, but instead affirmed its earlier denial. Because there is no evidence before the court that the February 8 letter was anything other than an affirmation of Foremost's previous denial, the court has no basis to conclude that the February 8 letter constitutes a denial of coverage. Therefore, the only denial of coverage in this case occurred before IFCA's enactment. The parties agree that IFCA does not apply retroactively, thus Shepard's IFCA claim must fail.

ORDER – 8

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Plaintiff's motion for partial summary judgment (Dkt. # 30), DENIES Defendant's first motion for partial summary judgment (Dkt. # 36), and GRANTS Defendant's second motion for partial summary judgment (Dkt. # 45).

DATED this 5th day of December, 2008.

_____
The Honorable Richard A. Jones
United States District Judge